IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DWAYNE M. WOODSON, Inmate #N10392, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL NO. 04-100-GPM |
| ) | |
| PAM GRUBMAN, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**MURPHY, Chief District Judge:**

This action is before the Court on Plaintiff's "Notification of intent to file motion for relief from judgment or order pursuant to Rule 60(b)" of the Federal Rules of Civil Procedure (Doc. 7). Plaintiff seeks relief from the Court's order disposing of some claims and referring the rest to United States Magistrate Judge Donald G. Wilkerson for further proceedings (Doc. 5). Plaintiff states that he is providing a "notification," and not an actual motion for relief, because he has been denied access to the law library to conduct research necessary to prepare the motion. However, upon review of the "notification," the Court finds that Plaintiff has sufficiently explained his position regarding errors in the Court's order referring the case. As such, the Court construes the "notification" as a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b).

Rule 60(b) provides for relief from judgment for "mistake, inadvertence, surprise, or excusable neglect." FED. R. CIV. P. 60(b)(1). However, the reasons offered by a movant for setting aside a judgment under Rule 60(b) must be something that could not have been employed to obtain

a reversal by direct appeal. *See, e.g., Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000); *Parke-Chapley Constr. Co. v. Cherrington*, 865 F.2d 907, 915 (7th Cir. 1989) ("an appeal or motion for new trial, rather than a FRCP 60(b) motion, is the proper avenue to redress mistakes of law committed by the trial judge, as distinguished from clerical mistakes caused by inadvertence"); *Swam v. United States*, 327 F.2d 431, 433 (7th Cir. 1964) (a belief that the Court was mistaken as a matter of law in dismissing the original petition does "not constitute the kind of mistake or inadvertence that comes within the ambit of rule 60(b)").

Plaintiff argues first that the Court erred in stating that Plaintiff submitted three emergency grievances regarding his painful, broken tooth. Plaintiff states clearly on page 5(a) of his complaint that he submitted three emergency requests to have his tooth examined. To the extent that the Court erred in its failure to differentiate between an emergency grievance and an emergency request, this is a distinction without significance, as it does not alter the Court's legal analysis of the claim.

Second, Plaintiff states that the Court misconstrued his claim regarding the confiscation and destruction of his legal materials as a claim for denial of access to the courts. When faced with a set of factual allegations that do not present a specific constitutional claim, the Court attempts to find any claim under the Constitution that might be inferred from the complaint. In this case, Plaintiff's factual statement that his legal property was unlawfully destroyed states only a claim under state law. "The federal government is not the enforcer of state law." *Pasiewicz v. Lake County Forest Preserve Dist.*, 270 F.3d 520, 526 (7th Cir. 2001). Plaintiff's constitutional right, under the Fourteenth Amendment, to be free from deprivations of his property by state actors without due process of law might be implicated. To state a claim under the due process clause of the Fourteenth Amendment, Plaintiff must establish a deprivation of liberty or property *without due process of law*;

if the state provides an adequate remedy, Plaintiff has no civil rights claim. *Hudson v. Palmer*, 468 U.S. 517, 530-36 (1984) (availability of damages remedy in state claims court is an adequate, post-deprivation remedy). Plaintiff has (or had) an adequate post-deprivation remedy in an action for damages in the Illinois Court of Claims, *see* 705 ILL. COMP. STAT. 505/8 (1995), and, therefore, he has no claim under 42 U.S.C. § 1983.

Because the Court was aware that Plaintiff would have no federal remedy for the destruction of his property, the Court attempted to fashion a claim out of the facts presented by construing Plaintiff's factual statements as a claim for interference with his access to the courts. The Court was not misconstruing his claim but assisting Plaintiff in his attempts to state a claim under federal law. Because no interpretation of facts presented would lead to a viable constitutional claim, the Court did not err in dismissing the claim or the defendants associated therewith.

Third, Plaintiff states that the Court erroneously dismissed Defendants McAdory, Elyea, White, Health Professionals Limited, and John and Jane Doe. In its order, the Court stated that a plaintiff cannot state a claim against a defendant merely by including his name in the caption of the complaint; a plaintiff must make specific allegations against each defendant. In response, Plaintiff states that the dismissed defendants were named more than once in the body of the complaint. Plaintiff has misinterpreted the Court's intention. The defendants were not dismissed because of the frequency or infrequency of their invocation in the complaint. They were dismissed because Plaintiff did not connect these defendants to specific factual claims.

The reason that plaintiffs, even those proceeding *pro se*, for whom the Court is required to liberally construe their complaints, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), are required to associate specific defendants with specific claims is so these defendants are put on notice of the

claims brought against them to allow them to properly answer the complaint. *See Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003) (a "short and plain" statement of the claim suffices under Fed. R. Civ. P. 8 if it notifies the defendant of the principal events upon which the claims are based); *Brokaw v. Mercer County*, 235 F.3d 1000, 1024 (7th Cir. 2000) ("notice pleading requires the plaintiff to allege just enough to put the defendant on notice of facts providing a right to recovery"). Merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption."). In the body of the complaint, Plaintiff does not connect Defendants Elyea, White, or Doe with any specific factual allegations.

Furthermore, "[t]he doctrine of respondeat superior does not apply to § 1983 actions; thus to be held individually liable, a defendant must be 'personally responsible for the deprivation of a constitutional right.'" *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001), *quoting Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001); *see also Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Eades v. Thompson*, 823 F.2d 1055, 1063 (7th Cir. 1987); *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983); *Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981). No where in the complaint does Plaintiff show how Health Professionals Limited or Warden McAdory were personally responsible for the deprivation of a constitutional right. As such, all these defendants were properly dismissed from the action.

In summary, Plaintiff has not presented any argument warranting relief under Rule 60(b).

Accordingly, the motion (Doc. 7) is **DENIED**.

    **IT IS SO ORDERED.**

    DATED:  04/19/06

                                      s/ G. Patrick Murphy  
                                      G. PATRICK MURPHY  
                                      Chief United States District Judge