IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DWAYNE M. WOODSON,                )
                                  )
            Plaintiff,            )
                                  )
      v.                          )        Case No. 3:04-cv-100-GPM
                                  )
PAM GRUBMAN, et al.,              )
                                  )
            Defendants.           )

## ORDER

This matter is before the Court on the Issue of Service of Process and the Motion for
Order to Provide Address filed by the United States Marshals Service on March 1, 2006.  For the
reasons set forth below, the motion is **DENIED WITHOUT PREJUDICE**.

### BACKGROUND

The plaintiff has sued a person named Dr. Platt and the Menard Dietary Manager.  After
the United States Marshals Service (USMS) attempted to serve Dr. Platt, they were informed, on
February 22, 2006, by the Illinois Department of Corrections (IDOC) that two Dr. Platts are
employed by the department.  The USMS filed the instant generic motion seeking a Court Order
directing the IDOC to provide the last known address of Dr. Platt.  The motion was taken under
advisement on March 9, 2006 as it was obvious, from the IDOC's letter, that they were unable to
identify which Dr. Platt the Plaintiff was suing.  This Court also ordered the plaintiff to indicate
which Dr. Platt he was suing and also to identify, by given name, the Menard Dietary Manager
who is also a named defendant.

On April 3, 2006, the plaintiff responded to this Court's Order.  He sates that the Dr. Platt
he is suing is not Dr. Steven Platt but the other Dr. Platt employed by the Menard Correctional
Center's dental office.  He also indicates that he has attempted to secure the identity of the

Menard Dietary Manager and that he could be one of three people, Jim Winter (who, upon "information and belief," the plaintiff believes is the correct defendant), Lee Schroeder, or Rick Lingle. The plaintiff further states that he is attempting to sue the dietary manager who is referred to in defendant Mavis Gross's July 26, 2002 report. Finally, the plaintiff indicates that his attempts to gain information from prison officials as to the naming of these defendants has been fruitless.

The Court also notes that three defendants have waived service but have not timely filed a responsive pleading: Adrian Feinnerman (whose responsive pleading was due on April 3, 2006 (Doc. 8)); Reetika Kumar (whose responsive pleading was due on April 3, 2006 (Doc. 11)); Mavis Gross (whose responsive pleading was due on May 15, 2006 (Doc. 18)).

According to the Docket in this case:

1.  Defendants Pam Grubman, Steven Newbold, Jennifer Middendorf, Deb Korando, Dawn Grathler, Jonathan R. Walls filed an answer to the complaint on April 3, 2006 and are represented by Attorney Lindsay Sweet;

2.  Defendants Adrian Feinnerman, Reetika Kumar, and Mavis Gross have waived service of process but have not filed an timely responsive pleading;

3.  Defendants Stephen Doughty and Dr. D. Hinderliter could not be served because they are no longer employed by the organization that contracted with IDOC to provide health services (Doc. 9). These two defendants are the subject of this Court's March 9, 2006 Order (Doc. 13). In that Order, the IDOC was ordered to provide the USMS with the last known address of these defendants by March 24, 2006. It appears from the docket that the Clerk has issued summons for these defendants on June 16, 2006; and,

4.  Defendants Dr. Platt and the Menard Dietary Manager have yet to be specifically identified in order for service to be accomplished.

2

DISCUSSION

The plaintiff, proceeding *pro se*, is at a significant disadvantage in attempting to secure the given names of Dr. Platt and the Menard Dietary Manager.  He has sought information concerning their identity from the jail but to no avail.  In order to speed this process along and have service effected for all defendants the following is hereby **ORDERED**:

1.      The **Clerk of Court** is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendant **Jim Winter**.  The Clerk shall forward those forms, USM-285 form submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

2.       The **United States Marshals Service** is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendant Jim Winters in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure.  For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a Defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

1.  Request that the Clerk prepare a summons for that Defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

3

2.  Personally serve process upon the Defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c). With respect to former employees of the IDOC who no longer can be found at the work address provided by Plaintiff, the IDOC shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal.  Address information obtained from the IDOC pursuant to such Order shall not be maintained in the Court file nor disclosed by the Marshal.

3.  Within ten days after personal service is effected, the United States Marshal shall file the return of service for the Defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said Defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally-served Defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the Defendant shows good cause for such failure.

3.     The **defendants** who have appeared are **DIRECTED** to indicate to the Court if they know the identity of the Dr. Platt who the plaintiff has identified is a dentist at Menard during the allegations in paragraph 10 of page 5(a) of the complaint (and who is not Dr. Steven Platt).  The defendants shall either indicate that they do not know who this particular Dr. Platt is or they shall indicate what his given name is in order to effect service.  The defendants **SHALL** file this information by **June 30, 2006**.

#### CONCLUSION

For the reasons set forth above, Motion for Order to Provide Address filed by the United States Marshals Service on March 1, 2006 **DENIED WITHOUT PREJUDICE**.  The Clerk

4

shall serve a copy of the Order on the United States Marshals Service.


**DATED: June 16, 2006**

**s/ Donald G. Wilkerson**
**DONALD G. WILKERSON**
**United States Magistrate Judge**
